UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA SERVED ON<br>STEPHEN K. BANNON, | )<br>)<br>)<br>)<br>) Case No. 19-mc-00209-TSC<br>)<br>)<br>)<br>) |

## MOTION TO STRIKE STRATEGIC VISION US, LLC'S UNTIMELY REPLY BRIEFS

Non-party Stephen K. Bannon ("Mr. Bannon") respectfully moves this Court to strike Movant Strategic Vision US, LLC's ("Strategic Vision") untimely Reply in Support of the Motion to Transfer, ECF No. 10, and Reply in Support of the Motion to Compel, ECF No. 11 (together, the "Reply Briefs").

After burdening this Court under the guise of a purported emergency Motion for Expedited Briefing, *see* ECF No. 5, and obtaining relief in an extraordinary court order issued on a Saturday over a holiday weekend, Strategic Vision has now remarkably defied the very order it sought.  On December 28, 2019, the Court entered an order setting the expedited briefing schedule **proposed by Strategic Vision** and requiring Strategic Vision to "file and serve its replies by **5 PM** on January 3, 2020." Minute Order (dated Dec. 28, 2019) (emphasis added). Despite this Court's order and Strategic Vision's own request for this exact briefing schedule, Strategic Vision belatedly filed both of its Reply Briefs after the court-ordered 5 PM deadline. *See* Exhibit A (Reply in Support of Motion to Transfer filed at 5:11 PM); Exhibit B (Reply in Support of Motion to Compel filed at 5:17 PM).

There is simply no excuse for Strategic Vision's lackadaisical approach to the Court's order.  Indeed, when pressed, Strategic Vision offered none, much less made the required showing of "excusable neglect." *In re Grooms*, 123 A.3d 976, 978 (D.C. 2015) (identifying

"excusable neglect" as "a standard that 'permits a court, where appropriate, to accept late filings'") (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)); *see also* Exhibit C (admitting that the Reply Briefs were filed "out of time").

Under these circumstances—where Strategic Vision manufactured an emergency, demanded the Court's time and attention on a weekend and over the holidays, and required a non-party to draft and file expedited briefing pursuant to a briefing schedule that Strategic Vision proposed but could not itself adhere to—the Court should exercise its discretion to strike the untimely Reply Briefs and consider the arguments raised therein as waived. *See, e.g.*, *Weatherly v. Alabama State University*, 2012 WL 2998316, 4* (M.D. Ala. July 23, 2012) (granting motion to strike as untimely motion submitted 46 seconds late); *Tomson v. Weitz Co., LLC.*, 2008 WL 4540986, 6* (D. Kan. Oct. 8, 2008) (striking as untimely motion to compel filed 6 minutes late); *Simon-Leonard v. Pasco County School Board*, 2017 WL 4342519, 8* (M.D. Fla. Sept. 29, 2017) (granting motion to strike as untimely exhibits filed one day late); *King v. Chubb & Son*, 563 Fed. Appx. 729, 732 (11th Cir. 2014) (upholding trial court's motion to strike as untimely evidentiary filings made three and four days late); *Batton v. Commc'ns Workers of Am., AFL-CIO*, 2014 WL 5742409, at *3 (E.D. Va. Aug. 4, 2014) (granting motion to strike response filed three days late), *aff'd sub nom*. 618 F. App'x 175 (4th Cir. 2015); *Young v. Sierra Pacific Power Co.*, 2011 WL 4346562, 2* (D. Nev. Sept. 14, 2011) (granting motion to strike as untimely counter-motion and supporting declaration filed two days late); *see also Texas v. United States*, 49 F. Supp. 3d 27, 31 (D.D.C. 2014) ("Circuit precedent and the Local Rules of this Court provide that the failure to respond to an opposing party's arguments results in waiver as to the unaddressed contentions . . .").

\* \* \*

Pursuant to Local Civil Rule 7(m), Mr. Bannon met and conferred with Strategic Vision prior to filing this Motion to Strike and requested that Strategic Vision withdraw the untimely Reply Briefs.  Strategic Vision declined to do so.  *See* Exhibit C.

Dated: January 3, 2020                                    Respectfully submitted,

By:  */s/ William A. Burck*
William A. Burck (D.C. Bar # 979677)
Allison L. McGuire (*pro hac* pending)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I St. NW, Suite 900
Washington, DC  20005
Telephone:  202-538-8000
Facsimile:  202-538-8100
williamburck@quinnemanuel.com
allisonmcguire@quinnemanuel.com

*Counsel for Stephen K. Bannon*

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify counsel for Strategic Vision of the filing.

                                                */s/ William A. Burck*
                                                William A. Burck